JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiffs-appellants, Francis X. Grady, Grady Associates, Sherry Jezerinac and National Plating Corp., appeal from a common pleas court order granting summary judgment in favor of defendant-appellee, Progressive Business Compliance and from a subsequent order overruling appellant's motion for relief from judgment. They urge that each of these rulings were erroneous. We find the trial court erred by granting summary judgment to appellee on appellants' claim for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(C). Accordingly we reverse the judgment on this claim and remand for further proceedings. Appellants do not challenge the judgment on their remaining claims, so we affirm the judgment against them on those claims.
 {¶ 2} The complaint in this case was originally filed on June 29, 2006 by plaintiffs-appellants and two additional plaintiffs who have dismissed their appeal in this matter. As relevant to the appellants, the complaint alleged that appellee transmitted unsolicited facsimile ("fax") advertisements to appellants, without their prior express invitation or permission. Appellants sought statutory damages of $500, or treble damages for willful violations. Appellants also alleged that the defendant willfully failed to include the date and time of the fax transmittals. Finally, appellant sought class certification for "all persons or entities, within the 216 and 440 telephone area codes, to whom Defendant transmitted one or more advertisements by fax, at any time during the years 2003 through 2006, without obtaining prior *Page 4 
express permission or invitation to do so." Appellee answered asserting, inter alia, that it "had prior permission to send a facsimile and/or had a prior business relationship with Plaintiffs."
 {¶ 3} Appellants filed a motion for partial summary judgment regarding the defense of an established business relationship. In their motion, appellants argued that the statutory prohibition against unsolicited fax advertisements under the TCPA contains no exception for cases in which there is an established business relationship between the sender and the recipient. Appellee opposed this motion and filed a cross-motion for summary judgment asserting that it had affirmatively demonstrated that there was an established business relationship among the parties which allowed it to send fax advertisements to appellants.
 {¶ 4} Attached to appellee's motion were affidavits from Thomas Schubert, appellee's chief financial officer, describing orders which appellants had placed for appellee's publications. Specifically, Schubert alleged that on February 11, 2004, Carolyn Rowell, the officer manager for Grady Associates, placed a telephone order for nine issues of a newsletter. Grady Associates had previously ordered other newsletters on July 18, 2003, September 18, 2002, and July 2, 2002. The copy of Schubert's affidavit concerning appellee's business relationship with National Plating is not complete,[1] but a copy attached to appellee's brief on appeal *Page 5 
avers that on June 18, 2003, Gregory Pramik of National Plating placed a telephonic order with appellee for a newsletter.
 {¶ 5} Appellants' brief in response to appellee's cross-motion for summary judgment argued strictly legal issues; plaintiffs presented no evidence. In a separate document filed the following day, however, appellants asked the court to stay ruling on the parties' motions for summary judgment pending the completion of discovery, and to grant appellants leave to file a supplemental brief with proof that appellee's affidavits were false or fraudulent. The court denied these motions.
 {¶ 6} The court denied appellants' motion for partial summary judgment and granted appellee's motion as to count one of the complaint. The court further found no private right of action existed under47 U.S.C. § 227(d), and therefore granted summary judgment for appellee on count two. Finally, the court found appellants' request for class certification was moot.
 {¶ 7} Appellants filed a motion for relief from judgment asserting that the judgment was obtained by fraud or other misconduct by the appellee, and that they were entitled to relief because of mistake or inadvertence. A few days later, they also filed their first notice of appeal. This court remanded the matter for the trial court to rule on the motion for relief from judgment. The trial court denied the motion for relief from judgment. Appellants also appealed from this order. *Page 6 
 {¶ 8} We address the second assignment of error first, because it raises a legal issue which is dispositive of this appeal. In their second assignment of error, appellants contend that the common pleas court erred by granting summary judgment for appellee. We review a decision to grant summary judgment de novo, applying the same standard the trial court applied. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336. "In order to obtain summary judgment, the movant must show that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." Id.
 {¶ 9} Appellants only challenge the court's ruling on their first cause of action, for violation of the Telephone Consumer Protection Act,47 U.S.C. § 227(b)(1)(C). We must emphasize that the version of § 227(b)(1)(C) in effect at the time of these alleged violations is materially different from the current statute. Pursuant to the Junk Fax Protection Act of 2005, the statute now contains an "established business relationship exception" to the general prohibition against unsolicited fax advertisements.[2] By contrast, the version of the TCPA applicable in *Page 7 
this case contained no such express exception. Instead, the applicable statute provided, in pertinent part, that "[i]t shall be unlawful for any person within the United States * * * to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." An "unsolicited advertisement" under the statute meant "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(4).
 {¶ 10} Prior to the adoption of the Junk Fax Protection Act of 2005, neither the statute nor the regulations expressly created an exception which allowed a party to send a fax advertisement if there was an "established business relationship" between the parties. Nonetheless, and even as it acknowledged the unconditional nature of the statute's prohibition against unsolicited fax advertisements, the Federal Communications Commission attempted to adopt such an exception through a footnote to its order commenting upon the regulations:
 {¶ 11} "In banning telephone facsimile advertisements, the TCPA leaves the Commission without discretion to create exemptions from or limit the effects of the *Page 8 
prohibition (see § 227(b)(1)(C)); thus, such transmissions are banned in our rules as they are in the TCPA. [47 C.F.R.] § 64.1200(a)(3). We note, however, that facsimile transmission from persons or entities who have an established business relationship with the recipient can be deemed to be invited or permitted by the recipient." In re Rules and RegulationsImplementing the Telephone Consumer Protection Act of 1991,57 F.R. 48333, note 87.
 {¶ 12} We will not elevate this comment to the status of a regulation, and we could not give it effect even if we did. The comment contradicts the language of the statute. § 227(b)(1)(C) requires a sender to obtain a "prior express invitation or permission" to send an advertisement by facsimile transmission. If the invitation or permission must beexpress, it cannot be "deemed to be invited or permitted," as the FCC's commentary suggests.
 {¶ 13} The FCC recognized this fact when it subsequently amended its regulations to require a sender to obtain "a signed, written statement that includes the facsimile number to which any advertisements may be sent and clearly indicates the recipient's consent to receive such facsimile advertisements from the sender." In re Rules and RegulationsImplementing the Telephone Consumer Protection Act of 1991,68 F.R. 44144, 44177. The effectiveness of this regulation was delayed several times, until the adoption of the Junk Fax Prevention Act of 2005 rendered it obsolete. Nevertheless, it remains clear that, before 2005, the TCPA on its face did *Page 9 
not authorize transmission of a facsimile advertisement to a person with whom the sender had an "established business relationship."
 {¶ 14} In contrast to the provision regarding fax advertisements,47 U.S.C. § 227(a)(3) expressly allowed "telephone solicitation" to a person with whom the caller has an "established business relationship." The fact that Congress created this exception for telephone solicitations makes it all the more apparent that the absence of such an exception for fax advertisements was intentional. See Weitzner v. IridexCorp. (E.D. N.Y. June 29, 2006), 2006 U.S. Dist. Lexis 44317, at 10-13 and 25; Blitz v. XPress Image, Inc. (Durham Cty Superior Ct. Aug. 23, 2006), 2006 NCBC 10, and authorities cited therein.
 {¶ 15} Accordingly, we find that the TCPA as it was in effect at the time the alleged fax transmissions in this case were made does not allow a party to send advertisements by facsimile transmission based solely upon an "established business relationship" among the parties. The trial court erred by granting summary judgment for appellee based on the evidence appellee presented of an established business relationship among the parties. Accordingly, we reverse the judgment against appellants on count one of their complaint and remand for further proceedings on that claim.
 {¶ 16} Appellants have not shown any reason why this court should reverse the judgment on their second and third causes of action, nor have they shown why *Page 10 
they should be relieved from the judgment on those claims. Accordingly, we affirm the trial court's judgment against appellants on these claims.
 {¶ 17} Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., CONCURS
ANN DYKE, J., CONCURS IN JUDGMENT ONLY
[1] The record presented to us does not include all of "[t]he original papers and exhibits thereto filed in the trial court," as required by App.R. 9(A). Most of the documents are copies. However, neither party questions the accuracy of the record.
[2] This is the version of 47 U.S.C. § 227(b)(1)(C) quoted and discussed in our recent opinion in Stoneman v. Turner Metal Prods., Cuyahoga App. No. 88206, 2007-Ohio-1719, THJ14-24. The events underlying the Stoneman case, like this case, actually arose prior to the adoption of the 2005 amendments to § 227(b)(1)(C), so we were mistaken in referring to the amended statute. However, this mistake did not affect the outcome of the case. Although the appellee in Stoneman alternatively argued that there was an established business relationship among the parties, we actually held that the plaintiff had either solicited or consented to the transmission of each facsimile advertisement. The "established business relationship" exception was not relevant to our holding. *Page 1